# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEARON DUVALL-TRUSS,**

    **Petitioner,**

    **v.**                                                                                   **Case No. 13-CV-863**

**MICHAEL BAENEN,**

    **Respondent.**

## DECISION AND ORDER ON MOTION TO DISMISS HABEAS CORPUS PETITION

Learon Duvall-Truss ("Duvall-Truss"), a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Duvall-Truss alleges that his custody is unlawful on multiple grounds. The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.). Previously, the court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases, allowed the case to proceed, and ordered the respondent to file a response to the petition. Subsequently, the respondent filed a motion to dismiss the habeas petition as untimely. (Docket # 12.) The parties have briefed the motion to dismiss and the motion is ready for resolution. For the reasons stated below, the respondent's motion to dismiss will be granted and the petition for writ of habeas corpus will be dismissed.

## BACKGROUND

Duvall-Truss was convicted of three counts of armed robbery by threat of force, as party to the crime; two counts of attempted armed robbery by threat of force, as a party to the crime; two counts of kidnapping by use of a dangerous weapon, as a party to the crime; six counts of first-degree

sexual assault by use of a dangerous weapon; and one count of possession of THC. (Ex. A to Def.'s Br. in Supp. of Mot. to Dismiss ("Def.'s Br."), Docket # 13-1.) A jury convicted Duvall-Truss of these crimes on July 23, 2004, and on September 7, 2004, the circuit court imposed sentences totaling 218 years of imprisonment, consisting of 163 years of initial confinement and 55 years of extended supervision. *Id.* The judgment of conviction was entered in Milwaukee County Circuit Court on September 8, 2004. (*Id.*)

After his conviction, Duvall-Truss unsuccessfully sought postconviction relief from the Milwaukee County Circuit Court pursuant to Wis. Stat. § 974.02. (Ex. B to Def.'s Br., Docket # 13-2.) Duvall-Truss appealed the denial of his Wis. Stat. § 974.02 motion, and the denial was affirmed on August 28, 2007. (*Id.*) Duvall-Truss sought review in the Wisconsin Supreme Court, which was denied on November 5, 2007. (Ex. C to Def.'s Br., Docket # 13-3.) On November 14, 2011, Duvall-Truss filed a Wis. Stat. § 974.06 motion for postconviction relief in the circuit court collaterally attacking his conviction. (Ex. D to Def.'s Br., Docket # 13-4.) The circuit court denied this motion on November 22, 2011, and Duvall-Truss appealed. (Ex. E to Def.'s Br., Docket # 13-5.) The Wisconsin Court of Appeals affirmed the circuit court's order denying Duvall-Truss's motion on December 4, 2012 (Ex. F to Def.'s Br., Docket # 13-6.) Duvall-Truss then filed a petition for review in the Wisconsin Supreme Court, which it denied on May 13, 2013. (Ex. G to Def.'s Br., Docket # 13-7.) On July 29, 2013, Duvall-Truss filed the instant petition for writ of habeas corpus. (Docket # 1.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case. Under AEDPA, habeas petitions challenging state court confinement are subject

to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically the statute provides as follows:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Duvall-Truss does not argue that he was prevented from filing his habeas petition due to State action. He is not asserting a newly recognized right. He also does not claim that his petition

rests on newly discovered facts.[1] *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Accordingly, Duvall-Truss' claim falls under 28 U.S.C. § 2244(d)(1)(A).

      Duvall-Truss sought direct review of his conviction pursuant to Wis. Stat. § 974.02. The Wisconsin Supreme Court denied his petition for review on November 5, 2007. Duvall-Truss did not seek certiorari in the United States Supreme Court on his direct appeal, so direct review of his conviction ended when his time to do so expired, ninety days after the Wisconsin Supreme Court denied his petition for review. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). Ninety days after November 5, 2007 was February 3, 2008, a Sunday; therefore, the ninety days expired on February 4, 2008, the next business day. Accordingly, under 28 U.S.C. § 2244(d)(1)(A) the one-year clock commenced for Duvall-Truss on February 5, 2008. *See* Fed. R. Civ. P. 6(a)(1). This means that Duvall-Truss had to have filed his federal habeas petition on or before February 5, 2009. Duvall-Truss did not do so. Instead, Duvall-Truss filed his federal habeas petition on July 29, 2013, over four years after the statutory deadline.

      A properly filed motion for post-conviction relief in state courts tolls the one year habeas statute of limitations, 28 U.S.C. § 2244(d)(2), and Duvall-Truss did file a Wis. Stat. § 974.06 motion for postconviction relief in the circuit court collaterally attacking his conviction. However, Duvall-Truss' Wis. Stat. § 974.06 motion was filed on November 14, 2011, after the one year statute of limitations for federal § 2254 petitions had expired. State motions for collateral relief do not give rise

---

[1] In both briefs, Duvall-Truss cites *Schlup v. Delo*, 513 U.S. 298 (1995) for the proposition that "actual innocence" can be shown if the petitioner comes forward with "new reliable evidence." To begin, *Schlup* is inopposite because it does not address the habeas statute of limitations; rather, it addresses the proper standard for the miscarriage of justice inquiry when a petitioner who has been sentenced to death raises a claim of actual innocence to avoid a procedural bar to the consideration of the merits of his constitutional claims. Second, Duvall-Truss does not point to the discovery of any new facts, nor does he argue that he timely filed his petition within one year of discovering new facts.

to a second one year limitations period after the first has expired. *See Teas v. Endicott*, 494 F.3d 580, 581 (7th Cir.2007) ("Nothing in § 2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls 'direct.'"). Thus, Duvall-Truss' habeas corpus petition is untimely.

The analysis however does not end. The doctrine of equitable tolling can excuse an untimely filed habeas petition. Equitable tolling is granted "sparingly" and only when extraordinary circumstances far beyond the litigant's control prevented timely filing. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In deciding whether the AEDPA limitations period should be equitably tolled, the court must determine that (1) the petitioner "has pursued his rights diligently" and (2) "extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Id.* A litigant seeking equitable tolling bears the burden of establishing these two elements. *Holland v. Florida*, 130 S.Ct. 2549, 2566 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Duvall-Truss does not argue equitable tolling is appropriate in this case. Rather, Duvall-Truss argues that he is "actually innocent" and that "no reasonable juror would have convicted him in light of the new evidence." (Petitioner's Br. in Opp. at 3, Docket # 19; Petitioner's Supp. Br. at 4, Docket # 21.) Duvall-Truss seems to be conflating the doctrine of procedural default, which can be excused by showing that the petitioner is actually innocent, *see Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010), with the requirement that the habeas petition be filed within the time limits set by federal law. In neither his brief nor his supplemental brief does Duvall-Truss demonstrate how his "actual innocence" prevented him from filing his federal habeas claim in a timely manner. In other words, the inquiry is: What prevented Duvall-Truss from filing his federal habeas petition on or before February 5, 2009? Without a showing that something prevented Duvall-Truss from filing his petition

in a timely manner or that he was diligent in pursuing federal collateral relief, Duvall-Truss' arguments do not warrant equitable tolling.

In the end, under AEDPA, Duvall-Truss had until February 5, 2009 to file a federal habeas petition challenging his conviction and confinement. He failed to do so. He has also failed to make the required showings under the doctrine of equitable tolling to excuse his untimeliness. Thus, Duvall-Truss' habeas corpus petition was filed in an untimely fashion under 28 U.S.C. § 2244(d) and will be dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

For the reasons set forth in this decision denying Duvall-Truss' habeas petition, none of Duvall-Truss's claims warrant a certificate of appealability. The statutory timeliness of Duvall-Truss' petition is a straightforward issue, and this Court does not believe that a reasonable jurist would find it debatable whether this Court erred in resolving this procedural question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, the Court will deny Duvall-Truss a certificate of appealability.

Duvall-Truss retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss the petition for writ of habeas corpus (Docket # 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Duvall-Truss' petition for writ of habeas corpus (Docket # 1) and this action be and hereby are **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st day of January, 2014.

                                         BY THE COURT

                                         *s/Nancy Joseph*
                                         NANCY JOSEPH
                                         United States Magistrate Judge